UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL JUAREZ,<br><br>            Petitioner,<br><br>    v.<br><br>SECOND LEVEL ADMINISTRATION,<br><br>            Respondent. | Case No.   1:22-cv-01162-HBK (HC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 1) |

Petitioner Juan Manuel Juarez, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). This matter is before the Court for preliminary review. *See* Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

F.3d 958, 968 (9th Cir. 2018) (citation omitted).  As more fully set forth herein, based on the facts and governing law, the undersigned recommends that the Petition be dismissed because the sole ground for relief raised in the Petition fails to state a federal habeas claim.

## I.  BACKGROUND

Petitioner initiated this case on September 12, 2022 by filing the instant petition.  (Doc. No. 1, "Petition").  According to the Petition, Petitioner is currently serving twenty-four years to life for convictions of "aiding and abetting to murder" and attempted murder, as well as an "inhouse prison conviction" of great bodily injury on a corrections officer.  (*Id.* at 2).  To the extent discernable, the Petition raises one ground for relief: he seeks return "through the [Seventh] Amendment" of books allegedly taken by another inmate. (*Id*. at 3).  Petitioner also attaches the denial of his grievance at the "Second Level of Administration" and alleges officials violated his "Seventh Amendment rights."  (*Id*.).

## II.  APPLICABLE LAW AND ANALYSIS

Although on the preapproved § 2254 form, the Petition does not challenge the fact or length of Petitioner's confinement.  *See Badea v. Cox*, 931 F. 2d 573, 574 (9th Cir. 1991) (noting purpose of habeas is to challenge "legality or duration" of a petitioner's incarceration, quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)).  Instead, the gravamen of Petitioner's underlying claim is that his property was stolen and his "second level grievance" was improperly denied in violation of his constitutional rights.  To the extent such allegations can give rise to a claim, it should be raised in a civil rights action under 42 U.S.C. § 1983, if appropriate.  *See Preiser*, 411 U.S. at 499.  While the court has discretion to construe a habeas petition as a civil rights action under § 1983, such recharacterization is appropriate only if it is "amendable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016).  The undersigned does not find recharacterization proper in this case.  In addition to the claim lacking clarity and merit, Petitioner does not name as defendants any individuals who he alleges committed the offensive acts.  Instead, Petitioner names the "Second Level Administration."  (Doc. No. 1 at 1).  Further, in granting Petitioner *in forma pauperis* status, the Court waived the $5.00 filing fee for a habeas

corpus action, not the $350 filing fee that is payable over time and appliable to prisoners prosecuting a civil rights action. Due to these differences and the disadvantages that recharacterization may have on Petitioner's claims, the undersigned finds that it would be inappropriate to construe the habeas petition as a civil rights complaint under 42 U.S.C. § 1983. Therefore, the undersigned recommends that the Petition be dismissed because it does not raise claims relating to the fact or duration of his confinement, and therefore fails to state a claim for federal habeas relief.

### III.  CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **ORDERED**:

The clerk of court is directed to assign this case to a district judge for the purposes of reviewing these findings and recommendations.

It is further **RECOMMENDED**:

1. The Petition (Doc. No. 1) be DISMISSED.

2. Petitioner be denied a certificate of appealability.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated: December 6, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE