1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JUAN MANUEL JUAREZ,                    No.  1:22-cv-01162-ADA-HBK (HC)

12                  Petitioner,              ORDER ADOPTING FINDINGS AND
                                             RECOMMENDATIONS, DISMISSING
13         v.                                PETITION FOR WRIT OF HABEAS
                                             CORPUS, DIRECTING CLERK OF COURT
14    SECOND LEVEL ADMINISTRATION,           TO CLOSE CASE, AND DECLINING TO
                                             ISSUE CERTIFICATE OF APPEALABILITY
15                  Respondent.
                                             (ECF Nos. 1, 4)
16

17          Petitioner Juan Manuel Juarez is a state prisoner proceeding pro se with an amended

18    petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  This matter was referred

19    to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On December 7, 2022, the Magistrate Judge issued findings and recommendations

21    recommending that the pending petition be dismissed because it fails to state a federal habeas

22    claim.  (ECF No. 5.)  On December 22, 2022, Petitioner filed objections that argue (1) the

23    Magistrate Judge violated his First Amendment rights by finding that he should have brought his

24    claim as a civil rights action pursuant to 42 U.S.C. § 1983, and (2) he cannot afford to bring a

25    civil rights action. (ECF No. 6.)

26          First, the Court agrees with the Magistrate Judge that it is not proper to construe

27    Petitioner's habeas claim as a § 1983 action.  Petitioner is correct that he named an individual

28    responsible for committing the offensive acts in his petition, but he did not name that individual

                                               1

1   or any other individual as a defendant in the action.  (*See* ECF No. 1 at 1, 3.)  Nor does he

2   identify if the individual named in his petition is a government employee or an inmate at the

3   facility in question.  Second, Petitioner seems to be under the impression that, if the Court

4   construes his habeas petition as a § 1983 claim, he will be liable for only the $5.00 habeas filing

5   fee rather than the $350.00 civil case filing fee.  (ECF No. 6 at 3.)  This is not the case.

6   Regardless of whether the Court construes the petition as a § 1983 claim or Petitioner files a new

7   civil case, Petitioner will have to account for the $350.00 filing fee.  Nevertheless, if Petitioner

8   wishes to file a new case, he may seek permission to do so without prepayment of the filing fee.

9   *See* 28 U.S.C. § 1915(a)(1).

10       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a

11   de novo review of the case.  Having carefully reviewed the entire file, including Petitioner's

12   objections, the Court holds the findings and recommendations to be supported by the record and

13   proper analysis.

14       Having found that Petitioner is not entitled to habeas relief, the Court now turns to

15   whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus

16   has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only

17   allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C.

18   § 2253.  Where, as here, the court denies habeas relief on procedural grounds without reaching

19   the underlying constitutional claims, the court should issue a certificate of appealability "if jurists

20   of reason would find it debatable whether the petition states a valid claim of the denial of a

21   constitutional right and that jurists of reason would find it debatable whether the district court was

22   correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the present

23   case, the Court finds that reasonable jurists would not find the Court's determination that the

24   petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed

25   further.  Therefore, the Court declines to issue a certificate of appealability.

26   ///

27   ///

28   ///

1      Accordingly,

2      1.      The findings and recommendations issued on December 7, 2022, (ECF No. 5), are

3              adopted in full;

4      2.      The petition for writ of habeas corpus, (ECF No. 1), is dismissed;

5      3.      The Court declines to issue a certificate of appealability; and

6      4.      The Clerk of Court is directed to close the case.

7

8

9    IT IS SO ORDERED.

10     Dated:    February 14, 2023

                                                                UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3